### JOHN W. CAMPBELL *v.* HIRAM R. HAYS, ET AL.

**Conveyance of Real Estate—Fraud.**

> Purchasers of real estate without any notice of fraud in their vendors, who pay a valuable consideration for such property, are innocent purchasers, and such real estate cannot be subjected to the vendor's debts.

APPEAL FROM RUSSELL CIRCUIT COURT.

March 25, 1876.

OPINION BY JUDGE PRYOR:

It is not pretended by the appellant that the deeds made to the children of Hays are fraudulent, or that the grandfather who paid the money had any knowledge whatever of the fraud, if any, between the original vendor and his vendors. On the contrary, it is alleged that these last deeds were made upon a valuable consideration. Taking the appellant's own statements, the petition presents no cause of

action. The land was paid for by Flowers in good faith; the deed to Hiram Hays and Rowe on its face was absolute and unconditional, and the children held as innocent purchasers.

Nor was there any fraud in the original transaction. The parties explain fully the consideration and the nature of the whole transaction between themselves and J. P. Hays, their vendor. The proof conduces strongly to show that the appellee, Hiram Hays, and Rowe were under the belief that J. P. Hays owed no other debts than those that were arranged by the conveyance of the land. If these original vendees still held the land there might be some reason in holding the conveyance to have been in the nature of a mortgage; but as they were vested with the absolute title of record, and as it is admitted, or if not, the proof established the fact, that the grandfather who purchased the land was ignorant of any parol condition annexed to the conveyance, the children must hold the land against the appellant. This, however, they could do upon the facts alleged in the petition, as there is no attempt to invalidate their deeds upon the ground of fraud or for any other reason except that their vendors had practised a fraud upon the appellant. Judgment *affirmed.*

*J. F. Montgomery, for appellant. Joseph E. Hays, for appellees.*